**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

PETER J. POLINSKI,

Plaintiff,

v. 6:26-cv-00817 (AMN/MJK)

AVONDALE PREMIER COLLECTION,

Defendants.

---

**APPEARANCES:** **OF COUNSEL:**

**PETER J. POLINSKI**
5735 Cavanaugh Road
Suite 614
Marcy, NY 13403
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On April 27, 2026, plaintiff *pro se* Peter J. Polinski ("Plaintiff") commenced this action against defendant Avondale Premier Collection ("Defendant"), a Texas car dealership, alleging violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et seq., the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and several torts. *See* Dkt. No. 1 ("Complaint"). Plaintiff principally challenges Defendant's alleged refusal to finance his purchase of a Rolls Royce valued at more than half a million dollars. Dkt. No. 1 at ¶¶ 3-10. Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"). Dkt. No. 2.

This matter was referred to United States Magistrate Judge Mitchell J. Katz, who reviewed the Complaint pursuant to 28 U.S.C. § 1915. On July 28, 2026, Magistrate Judge Katz

recommended that this Court deny Plaintiff's request to proceed IFP, and, in the alternative, recommended dismissal of the Complaint with prejudice and without leave to amend. Dkt. No. 5 at 15-16 ("Report-Recommendation").[1] Pursuant to 28 U.S.C. § 636(b)(1), Magistrate Judge Katz advised that the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within those fourteen days would preclude appellate review. *Id.* at 16. No party has filed objections, and the time for filing objections has expired.

For the following reasons, the Court adopts only the Report-Recommendation's res judicata analysis, as modified by this Memorandum-Decision and Order, and dismisses the Complaint with prejudice and without leave to amend.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See id.* at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

*1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Because no party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Katz recommended that this Court dismiss the Complaint with prejudice and without leave to amend because it is barred by res judicata.[2] *See* Dkt. No. 5 at 11-15. Magistrate Judge Katz explains that the Complaint expressly pleads that Plaintiff already filed a

[2] Magistrate Judge Katz also concluded that Plaintiff was precluded from making the claims here because of collateral estoppel. *See* Dkt. No. 5 at 12-14. However, because res judicata alone requires dismissal, the Court does not reach the Report-Recommendation's collateral estoppel analysis, and accordingly does not accept it.

complaint arising out of the same facts against the same Defendant as the present action in the Northern District of Texas ("Texas Complaint") in 2024. Dkt. No. 5 at 13; *see* Dtk. 1 at ¶ 41 ("In the interest of full disclosure . . . Plaintiff states that he previously filed a complaint arising from these facts in the Northern District of Texas . . . ."). Magistrate Judge Katz further notes that the Complaint itself pleads that the Texas Complaint was dismissed on January 7, 2026, and the court denied subsequent motions for relief from that judgment under Federal Rule of Civil Procedure 60. *Id.* at 13-14; *see* Dkt. No. 1 at ¶¶ 42-45; *Polinski v. Avondale Premier Collection*, No. 3:24-CV-3267-X-BT, 2025 WL 3902068 (N.D. Tex. Dec. 15, 2025), *report and recommendation adopted*, 2026 WL 51092 (N.D. Tex. Jan. 7, 2026) (dismissal with prejudice); No. 3:24-CV-3267-X-BT, Dkt. No. 46 (denial of Rule 60(b) motions).[3] Despite this dismissal, Plaintiff now files this renewed Complaint "to preserve his claims and ensure proper adjudication under the correct legal standards." Dkt. No. 1 at ¶ 47.

The Court perceives no clear error in Magistrate Judge Katz's determination on res judicata. Though res judicata is an affirmative defense that typically must be invoked by a defendant, for a complaint screened under 28 U.S.C. § 1915 "[n]othing . . . suggests that an affirmative defense appearing on the face of a complaint may not be the basis for a *sua sponte* dismissal." *Pino v. Ryan*, 49 F.3d 51, 54 (2d Cir. 1995); *see Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-06 (2d Cir. 2002) (per curiam). And it is proper to "invoke an affirmative defense . . . if it is so plain from the language of the complaint and other documents in the district court's files that it renders the suit frivolous." *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir.

[3] That case is presently on appeal at the United States Court of Appeals for the Fifth Circuit. Dkt. No. 5 at 14; *see* Dkt. No. 1 at ¶ 46. This is immaterial to the Court's res judicata analysis, as a judgment in the federal system retains its preclusive effect during the pendency of an appeal. *See Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 188-89 & n.8 (1941).

2002); *see Griffin v. Carnes*, 72 F.4th 16, 20-21 (2d Cir. 2023). This Complaint, which expressly pleads Plaintiff's intent to circumvent an adverse judgment entered by the court in which he originally sued, is precisely such a case. *See* Dkt. No. 1 at ¶¶ 41-48.

Res judicata operates such that "a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that [initial] action." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014) (citation omitted). The decision of a federal court has a preclusive effect under res judicata where "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Soules v. Connecticut, Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 55 (2d Cir. 2018). All elements are present here. Plaintiff brought the Texas Complaint, he sued regarding the same transaction that is the subject of this Complaint, many claims in the present Complaint not only could have been pressed, but were pressed, and the Texas Complaint was dismissed on the merits for failing to state a claim under 28 U.S.C. § 1915(e)(2)(B). *See* Dkt. No. 5 at 13-14. And while dismissal of a previous complaint under Section 1915(e)(2)(B) "does not prejudice the filing of a paid complaint making the same allegations," *see Denton v. Hernandez*, 504 U.S. 25, 34 (1992), it *does* have a "*res judicata* effect on frivolousness determinations for future *in forma pauperis* petitions." *See Cieszkowska*, 295 F.3d at 206 (quoting *Denton*, 504 U.S. at 34); *see also Baptiste v. Doe*, 680 F. Supp. 3d 186, 191 (N.D.N.Y. 2023) (citing cases). Accordingly, res judicata precludes this Complaint.

Plaintiff does plead new claims under the FCRA, ECOA, and tort law, but these too are barred by res judicata. Plaintiff's novel statutory contentions relate to the procedure by which Defendant denied his credit application—specifically, that it was denied without Defendant

providing him the explanation and documentation required by 15 U.S.C. § 1691(d)(2), and without providing him notice of an adverse action based on the content of his credit report as required by 15 U.S.C. § 1681m(a). *See* Complaint at ¶¶ 72-82, 93-96, 111-21, 123-35. Plaintiff also pleads claims for conversion and unjust enrichment. Dkt. No. 1 at ¶¶ 136-45, 146-54. But res judicata bars claims that "were, *or could have been*, raised in the prior action." *Soules*, 882 F.3d at 55 (emphasis added). This includes claims "based upon different legal theories . . . provided they arise from the same transaction or occurrence." *L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999). Because these claims all arise out of the same transaction or occurrence as every other claim in the Texas Complaint—the automobile credit application—they are "sufficiently related to the claims that were asserted in the first proceeding" to be subject to the preclusive effect of res judicata. *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir.2001). Accordingly, the Court also dismisses all the new FCRA, ECOA, and tort claims with prejudice and without leave to amend.

After reviewing the Report-Recommendation and considering Magistrate Judge Katz's findings, the Court adopts the Report-Recommendation only as to its analysis of res judicata, as modified by the discussion in this section, and adopts its proposed dismissal of the Complaint with prejudice and without leave to amend. [4]

## IV. CONCLUSION

Accordingly, the Court hereby

---

[4] Because this Court dismisses Plaintiff's case for failure to state a claim on which relief may be granted, it denies Plaintiff's application to proceed IFP, Dkt. No. 2, as moot. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring the court to dismiss the case "at any time" if it "fails to state a claim on which relief may be granted"); *see also Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (holding that under Section 1915(e) "a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously," and citing cases).

**ORDERS** that the Report-Recommendation, Dkt. No. 5, is **ACCEPTED in part with modifications**; as set forth in Section III of this Memorandum-Decision and Order; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, be **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 26, 2026
Albany, New York

Anne M. Nardacci
Anne M. Nardacci
U.S. District Judge